5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 WHITE MOUNTAIN APACHE TRIBE OF ARIZONA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5018.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1993.
Rehearing Denied Sept. 13, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The White Mountain Apache Tribe of Arizona (Tribe) appeals from the judgment of the United States Claims Court[1] awarding the Tribe damages for some resource mismanagement and accounting claims and denying damages for others. See White Mountain Apache Tribe v. United States, 26 Cl.Ct. 446 (1992) (discussing accounting claims and entering judgment); White Mountain Apache Tribe v. United States, 25 Cl.Ct. 333 (1992) (discussing accounting claims); White Mountain Apache Tribe v. United States, 11 Cl.Ct. 614 (1992) (discussing resource mismanagement claims). We affirm.
 
 DISCUSSION
 
 2
 In each of its thorough and exhaustive opinions, the Claims Court has carefully considered all of the Tribe's claims and awarded damages as to each such claim determined to be meritorious.[2]
 
 
 3
 We are convinced that the Claims Court correctly rejected each of the Tribe's remaining claims to damages and, in doing so, has properly considered, analyzed and rejected all further arguments that the Tribe has put forth in support of such claims. Further discussion and analysis by this court would be essentially repetitious of the Claims Court's extensive expositions of the facts and law. Accordingly, we affirm on the basis of the Claims Court's opinions in this case.
 
 
 
 [1]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516
 
 
 [2]
 We note that in its statement of the facts, the Tribe asserts that the United States deprived it of 16,000 acres by an erroneous survey of the northern boundary of the Tribe's reservation. Although not specifically discussed in the Claims Court's opinions, the tribe has not presented any argument on appeal concerning this claim and the government persuasively explained that it was resolved and subsumed in other proceedings. We therefore do not consider it further